# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LONGHORN LOCKER COMPANY, | § | |
| LLC, and AMERICAN INDEPENDENCE | § | |
| MANUFACTURING, LLC, d/b/a | § | |
| LONGHORN LOCKER, AMERICAN | § | |
| INDEPENDENCE MANUFACTURING | § | |
| and AIM, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2872-K |
| | § | |
| HOLLMAN, INC., CRYSTAL CLEAR | § | |
| CREATIVE, LLC., KELLIE MATHAS, | § | |
| and TITAN OF LOUISIANA, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court has informally notified the parties regarding its intent to use a Special Master in this proceeding, and the parties have all consented to the terms of this Order. The Court hereby appoints Daniel Denton as Special Master for this proceeding to perform the duties of an adjunct law clerk and technical advisor. Mr. Denton's contact information is as follows:  Law Offices of Daniel Denton, 6301 Gaston Ave., Suite 550, Dallas, Texas, 75214; Phone: (972) 997-5309; E-mail: denton@lawyer-dfw.com.

This appointment is made pursuant to Rule 53 and the inherent authority of the Court. "Beyond the provisions of (FED. R. CIV. P. 53) for appointing and making references to Masters, a Federal District Court has 'the inherent power to supply itself

1

with this instrument for the administration of justice when deemed by it essential.'" *Ruiz v. Estelle*, 679 F.2d 1115, 1161 n. 240 (5th Cir. 1982), *amended in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983) (internal citations omitted). As Rule 53 requires, this Order sets out the duties and terms of the Special Master, the reasons for the appointment, and orders the Special Master to proceed with all reasonable diligence. *See* FED. R. CIV. P. 53(b)(2).

## I.    Master's Duties

Rule 53(a)(1)(A) states that the Court may appoint a master to "perform duties consented to by the parties." The Court has reviewed recent legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution. *See, e.g.*, FED. R. CIV. P. 53 (advisory committee's notes discussing the range of duties and authority of the Special Master). Consistent with this legal authority, the currently-anticipated needs of the Court, and the parties' broad consent, the Court states that the Special Master in these proceedings shall have the authority to:

1)    assist the Court with preparation for claim construction, including review of claim construction filings, legal and technical research, and analysis;

2)    perform the duties of an adjunct law clerk by assisting the Court with dispositive motions, trial, and any other aspect of this case;

2

3)      communicate with the attorneys as needs may arise in order to promote the full and efficient performance of these duties.

Consistent with these duties, the Special Master shall perform the duties of an adjunct law clerk and technical advisor. The Court will preside over any hearings and issue all orders regarding motions pending in the Court.

## II.      Communications with the Parties and the Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances – if any – in which the master may communicate ex parte with the court or a party." FED. R. CIV. P. 53(b)(2)(B). The Special Master may communicate ex parte with the Court at the Special Master's discretion, without providing notice to the parties, in order to assist the Court with legal analysis of the parties' submissions and inform the court of legal and technical research. The Special Master may also communicate ex parte with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, and other appropriate procedural matters.

The Special Master may only communicate with the parties or attorneys if a representative for all parties is present in person or by phone. Such communications shall not address the merits of any substantive issue without prior approval of the Court.

### III.    Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the master's activities." FED. R. CIV. P. 53(b)(2)(C). The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. However, the Special Master need not preserve for the record any documents created by the Special Master, nor any documents received by the Special Master from counsel in this case. The Special Master is not required to and will not submit any formal report or recommendation regarding any matter for electronic filing on the case docket.

### IV.    Review of the Special Master's Orders

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." FED. R. CIV. P. 53(b)(2)(D). However, the Special Master will be serving as an adjunct law clerk and in a technical advisor role, therefore, he will not be producing any orders, findings, or recommendations for the record.

### V.    Compensation

Rule 53(b)(2)(E) directs the Court to state "the basis, terms, and procedure for fixing the master's compensation under Rule 53(g)." FED. R. CIV. P. 53(b)(2)(E). The Special Master shall be compensated at his current rate of two hundred and fifty dollars

($250.00) per hour. Plaintiff shall bear half of the costs and Defendants shall bear a the other half of the costs to be divided a third to Hollman Inc., a third to Crystal Clear Creative, LLC and Kellie Mathas, and a third Titan of Louisiana Inc., and as directed in the terms of each order approving an Itemized Statement of fees and expenses submitted by the Special Master. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the court may issue. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." FED. R. CIV. P. 53(a)(3).

On the first business day of every month, the Special Master shall submit directly to the Court an Itemized Statement of fees and expenses (as discussed in Section III), not to include overhead, which the Court will inspect carefully for regularity and reasonableness. Given that one of the duties of the Special Master is to assist the Court with legal analysis of the parties' submissions, the Court expects these Itemized Statements will reveal confidential communications between the Special Master and the Court. Accordingly, the Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel.

Also on the first business day of every month, the Special Master shall file under seal on the Court's electronic document filing system a Summary Statement, certifying the total hours worked, total costs incurred, and total fees for the previous month. This

Summary Statement shall not reflect any confidential information and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties. Each party shall then remit payment directly to the Special Master (at the aforementioned address) its share of any Court-approved amount within 14 calendar days of Court approval.

**VI.    Affidavit**

Rule 53(b)(3) notes that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455." *See also* FED. R. CIV. P. 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit previously submitted to the court by the Special Master.

## VII.   Master's Authority

The Special Master shall have the full cooperation of the parties and their counsel. Regarding Rule 53(c), however, the Special Master shall not have the authority to regulate any proceedings or impose any sanctions on the parties. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order.

**SO ORDERED.**

Signed April 23rd, 2020.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

**Agreed as to Substance and Form:**

By:   _____
        Joseph F Cleveland, Jr
        Texas Bar No. 04378900
        Brackett & Ellis PC
        100 Main Street
        Fort Worth, TX 76102-3090
        817-338-1700
        Fax: 817-870-2265
        Email: jcleveland@belaw.com
        ATTORNEY FOR PLAINTIFFS LONGHORN LOCKER COMPANY, et al.,

AND

7

## VII. Master's Authority

The Special Master shall have the full cooperation of the parties and their counsel. Regarding Rule 53(c), however, the Special Master shall not have the authority to regulate any proceedings or impose any sanctions on the parties. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order.

### SO ORDERED.

Signed April 17th, 2020.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

**Agreed as to Substance and Form:**

By:

Joseph F Cleveland, Jr
Texas Bar No. 04378900
Brackett & Ellis PC
100 Main Street
Fort Worth, TX 76102-3090
817-338-1700
Fax: 817-870-2265
Email: jcleveland@belaw.com
ATTORNEY FOR PLAINTIFFS LONGHORN LOCKER COMPANY, et al.,

AND

7

By: _____
     Michael Andrew Bittner
     Texas Bar No.  24064905
     Winston & Strawn
     2121 N. Pearl Street
     Ste. 900
     Dallas, TX 75201
     214-453-6500
     Fax: 214-453-6400
     Email: mbittner@winston.com
     ATTORNEY FOR DEFENDANT HOLLMAN, INC.

AND

By: _____
     Elizabeth Blair Schilling
     Louisiana Bar No. 35308
     Fishman Haygood LLP
     210 St Charles Avenue
     46th Floor
     New Orleans, LA 70458
     504-586-5252
     Fax: 504-586-5250
     Email: bschilling@fishmanhaygood.com
     ATTORNEY FOR DEFENDANTS CRYSTAL CLEAR CREATIVE, LLC AND
     KELLIE MATHAS

AND

By: _____
     Nicole M Babb
     Louisiana Bar No. 35032
     Lugenbuhl Wheaton Peck Rankin & Hubbard
     601 Poydras Street
     Suite 2775
     New Orleans, LA 70130
     504-568-1990
     Fax: 504-310-9195
     Email: nbabb@lawla.com
     ATTORNEY FOR TITAN OF LOUISIANA, INC.

8

By:   _____
      Michael Andrew  Bittner
      Texas  Bar No.   24064905
      Winston &  Strawn
      2121 N.  Pearl  Street
      Ste. 900
      Dallas,  TX 75201
      214-453-6500
      Fax: 214-453-6400
      Email:  mbittner@winston.com
      ATTORNEY FOR  DEFENDANT HOLLMAN, INC.

AND

By:   Elizabeth Blair Schilling
      Louisiana Bar No.  35308
      Fishman Haygood LLP
      210  St Charles Avenue
      46th Floor
      New  Orleans, LA 70458
      504-586-5252
      Fax: 504-586-5250
      Email:  bschilling@fishmanhaygood.com
      ATTORNEY FOR  DEFENDANTS CRYSTAL  CLEAR  CREATIVE, LLC  AND
      KELLIE  MATHAS

AND

By:   _____
      Nicole M  Babb
      Louisiana Bar No.  35032
      Lugenbuhl Wheaton  Peck  Rankin &  Hubbard
      601  Poydras Street
      Suite 2775
      New  Orleans, LA 70130
      504-568-1990
      Fax: 504-310-9195
      Email:  nbabb@lawla.com
      ATTORNEY FOR  TITAN OF  LOUISIANA, INC.

By: _____

Michael Andrew Bittner
Texas Bar No. 24064905
Winston & Strawn
2121 N. Pearl Street
Ste. 900
Dallas, TX 75201
214-453-6500
Fax: 214-453-6400
Email: mbittner@winston.com
ATTORNEY FOR DEFENDANT HOLLMAN, INC.

AND

By: _____

Elizabeth Blair Schilling
Louisiana Bar No. 35308
Fishman Haygood LLP
210 St Charles Avenue
46th Floor
New Orleans, LA 70458
504-586-5252
Fax: 504-586-5250
Email: bschilling@fishmanhaygood.com
ATTORNEY FOR DEFENDANTS CRYSTAL CLEAR CREATIVE, LLC AND
KELLIE MATHAS

AND

By: _____

Nicole M Babb
Louisiana Bar No. 35032
Lugenbuhl Wheaton Peck Rankin & Hubbard
601 Poydras Street
Suite 2775
New Orleans, LA 70130
504-568-1990
Fax: 504-310-9195
Email: nbabb@lawla.com
ATTORNEY FOR TITAN OF LOUISIANA, INC.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONGHORN LOCKER COMPANY, | § | |
| LLC and AMERICAN | § | |
| INDEPENDENCE | § | |
| MANUFACTURING, LLC collectively | § | |
| doing business as LONGHORN | § | |
| LOCKER, AMERICAN INDENDENCE | § | |
| MANUFACTUING and AIM, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:19-CV-02872-K |
| HOLLMAN, INC., CRYSTAL CLEAR | § | |
| CREATIVE, LLC; KELLIE MATHAS; | § | |
| and TITAN OF LOUISIANA, INC., | § | |
| | § | |
| Defendants. | § | |

AFFIDAVIT OF DANIEL DENTON
TENDERED PURSUANT TO FED. R. CIV. P. 53

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

DANIEL DENTON, being first duly sworn according to law, states the following:

1. "I am an attorney at law duly licensed to practice law in the State of Texas, State

   Bar Number 24075843. My bar admissions are as follows: State of Texas;

   United States District Court - Northern District of Texas; United States District

   Court - Eastern District of Texas; and United States Patent and Trademark

   Office.

- 1 -

2. "I have familiarized myself with the above captioned matter. I do not have any relationship to the parties, attorneys, action, or Court that would require disqualification of a Judge under 28 U.S.C. §455.

3. "There are no non-disclosed grounds for disqualification under 28 U.S.C. §455 or Federal Rule of Civil Procedure 53 that would prevent me from serving as the Special Master in the above captioned matter."

DANIEL DENTON

Sworn to before me and subscribed in my presence this 15th day of April, 2020.

MONIQUE BLAND
Notary Public, State of Texas
Comm. Expires 05-05-2021
Notary ID 10848997

Notary Public

- 2 -