IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONGHORN LOCKER COMPANY, LLC and AMERICAN INDEPENDENCE MANUFACTURING, LLC collectively doing business as LONGHORN LOCKER, AMERICAN INDENDENCE MANUFACTUING and AIM, | § § § § § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-02872-K |
| HOLLMAN, INC., CRYSTAL CLEAR CREATIVE, LLC, KELLIE MATHAS, and TITAN OF LOUISIANA, INC., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hollman, Inc.'s Motion to Dismiss (Doc. No. 23) (the "Hollman Motion") and Crystal Clear Creative, LLC and Kellie Mathas' Motion to Dismiss (Doc. No. 26) (the "Crystal Motion"). After careful consideration of the arguments presented by the parties and the pleadings before the Court, the Court **GRANTS IN PART** the Hollman Motion and the Crystal Motion and **DENIES IN PART** the Hollman Motion and the Crystal Motion.

A. BACKGROUND.

Plaintiffs Longhorn Locker Company, LLC ("Longhorn") and American Independence Manufacturing, LLC ("American Independence") filed this suit against

Defendants Hollman, LLC ("Hollman"), Crystal Clear Creative, LLC ("Crystal"), Kellie Mathas, and Titan of Louisiana, Inc. ("Titan"). The lawsuit asserts various claims against various Defendants.

Plaintiff Longhorn and Defendant Hollman are both in the business of designing, selling, and installing lockers for sports and other teams, and most of the claims of this lawsuit are based on a project involving the redesign of the New Orleans Saints locker room in 2016. Longhorn and Hollman were competitors for this project, and both submitted bids related to redesigning the Saints' locker room. Defendant Crystal is alleged to be an interior design company that was hired by the Saints in relation to this project. Ms. Mathas is alleged to be the Crystal employee working on this project that had knowledge of the business dealings of Longhorn and Hollman in relation to this project.

Longhorn alleges that it submitted a confidential bid for the Saints project, which included proposed locker designs and features, pricing, and other trade secret information. Longhorn further alleges that Hollman was improperly provided this information and that this led to Hollman's alleged infringement of Longhorn's copyrights and misuse of Longhorn's trade secrets.

Claims against Hollman include: Hollman's alleged direct and indirect copyright infringement of Longhorn's federally registered copyright; Hollman's alleged copyright infringement through creation of derivative works of Longhorn's federally registered copyright; Hollman's alleged direct copyright infringement of Longhorn's pending

application to register a copyright; Hollman's alleged misappropriation of trade secrets; Hollman's alleged direct and literal infringement of a Longhorn design patent; and Hollman's alleged tortious interference with Longhorn's prospective business relations.

Claims against Crystal and Ms. Mathas include: Crystal's and Ms. Mathas' direct and secondary copyright infringement of a Longhorn federally registered trademark; Crystal's and Ms. Mathas' infringement of a Longhorn federally registered trademark through the creation of derivative works; Crystal's and Ms. Mathas' secondary copyright infringement based on a pending Longhorn application to federally register a copyright; and Crystal's and Ms. Mathis' alleged misappropriation of trade secrets.

Claims against Titan include an alleged breach of contract claim and an alleged misappropriation of trade secrets claim.

Longhorn's claim of patent infringement does not stem from the Saints project. The patent in suit, which is a design patent, was not issued at the time of the Saints project. Therefore, the claim is based on allegations that Hollman has infringed this patent based on activity that occurred after the Saints project, including the sale and offer to sell of infringing lockers.

In the Hollman Motion, Defendant Hollman moves this Court to dismiss certain claims asserted against it in this lawsuit. Likewise, in the Crystal Motion, Defendants Crystal and Ms. Mathas move this Court to dismiss certain claims asserted against them. There is substantial overlap between many of the arguments of the Hollman

Motion and the Crystal Motion. For this reason, the Court will address the Hollman Motion and the Crystal Motion collectively, where appropriate.

**B. Copyright Claims Based on Longhorn's '424 Copyright Registration.**

Both the Hollman Motion and the Crystal Motion assert that Longhorn's claims of copyright infringement based on Longhorn's US Copyright Registration No. VA-2-153-424 (the ""'424 registration") should be dismissed.

The '424 registration is entitled "Images of Lockers," and was issued to Longhorn on February 6, 2018. Longhorn asserts infringement of the '424 registration against Hollman, Crystal, and Ms. Mathas based on direct infringement, secondary infringement, and through the creation of derivative works of the registered copyright.

In the Hollman Motion and the Crystal Motion, Hollman, Crystal, and Ms. Mathas all assert that these claims should be dismissed because the alleged infringing renderings of the Hollman lockers only contain, as a matter of law, unprotected standard features and configurations of a locker. According to these Defendants, since no protected features of the registration are copied, Longhorn has failed to assert a claim for relief for which it can recover.

In response, Longhorn points out that in its Complaint that it has alleged that the protected image has certain protected expressive elements, which Longhorn has identified and which are present in the alleged infringing works. Longhorn alleges that these expressive and protected features depict a unique and highly ornamental sports locker. These include the allegations that the protected portions of the copyrighted

work include the creative impression of stylized football themed components; decorative lighting and trim; the dramatic use of light and shadows; and the selective coordinated arrangement of light, textures, sizes, shapes, materials, and other elements. Longhorn argues that individually or collectively many of these features are protected elements of the copyrighted work and are present in the alleged infringing works.

The identification of the protected elements of the copyrighted work and the factual determination of whether those elements are present in the accused works are not appropriately resolved in a motion to dismiss. Because these claims raise issues that are not appropriately resolved in a motion to dismiss, the Court DENIES the Hollman Motion's and the Crystal Motion's request to dismiss the claims of copyright infringement based on the '424 registration.

Hollman also argues that Longhorn's claims of copyright infringement based on alleged derivative works of the '424 registration should be dismissed because Longhorn fails to identify any Hollman works that could be considered derivative of the '424 registration. Crystal and Ms. Mathas assert that the scope of the registration is limited to two dimensional art work.

Longhorn responds to these assertions by pointing out that, in its complaint, Longhorn has alleged that renderings, drawings, mock up lockers, installed lockers, brochures, and promotional materials are alleged infringing derivative works and that this claim is based on Longhorn's right to prevent derivative works that infringe the copyright, which are not necessarily limited to the same format as the original work. In

addition, in its Complaint, Longhorn has provided multiple examples of what it asserts are infringing works.

The Court agrees that Longhorn has properly plead sufficient plausible facts to put Hollman on notice as to the works and types of work that Longhorn asserts infringe the '424 registration, including those that Longhorn alleges are derivative works. For this reason, the Court DENIES Hollman's, Crystal's, and Ms. Mathas' request to dismiss these copyright claims based on the '424 registration.

As a final issue raised in relation to copyright infringement claims based on the '424 registration, Crystal and Ms. Mathas assert that these claims against them should be dismissed because Longhorn has not plausibly plead that Crystal and Ms. Mathas participated in direct or indirect infringement.

In response, Longhorn points out that it has plead that Crystal and Ms. Mathas were both intimately involved in the Saints project; both had knowledge of Longhorn's design and plans; and both participated in working with Hollman to create what Longhorn asserts are infringing works.

The Court agrees with Longhorn that the combination of the alleged facts regarding Crystal's and Ms. Mathas' involvement in the Saints project and interactions with Longhorn and Hollman plausibly support the inference that Crystal and Ms. Mathas were sufficiently involved in the alleged infringement. For this reason, the Court DENIES the request in the Crystal Motion to dismiss this claim against Crystal and Ms. Mathas.

**C. Copyright Claims Based on Longhorn's '571 Copyright Application.**

Hollman, Crystal, and Ms. Mathas, all, in their respective motions to dismiss, assert that Longhorn's claims against them based on a pending federal copyright registration application should be dismissed because the mere filing of an application to register a copyright does not provide the applicant with any rights of enforcement.

The application at issue here is case number 1-8073830571 (the "'571 application") filed by Longhorn on September 16, 2019 in which Longhorn is attempting to register a three-dimensional work called "Sculpture of Locker." The application has not been approved by or registered by the USPTO. It is currently pending. Longhorn has alleged that Hollman, Crystal, and Ms. Mathas have directly or indirectly infringed Longhorn's rights in this application.

These Defendants argue that these claims should be dismissed because Longhorn has not plead claims for which it can recover. These Defendants argue that a mere application for registration of a copyright provides no enforceable right in that alleged copyright. Therefore, these claims must be dismissed.

Longhorn appears to argue that since the application is for registration of a sculpture, which appears to be a derivative work of the '424 registration, and since Longhorn asserts derivative infringement of the '424 registration, then Longhorn somehow has the current right to assert infringement of some rights in the '571 application.

The Court agrees with the Defendants in that Longhorn's copyright infringement claims based on the '571 application must be dismissed because Longhorn currently has no right to sue or recover based on the '571 application. Under the Copyright Act, a party may not bring a civil action for enforcement of a copyright until preregistration or registration of the copyright claim. 17 U.S.C. § 411(a). This section goes on to provide one exception to this limitation. Once the application has been fully made and paid for and the Copyright Office has refused registration, the copyright applicant may file suit for infringement if a copy of the complaint is served on the Register of Copyrights. *Id*.

Longhorn does not currently have the right to enforce the copyright of the '571 application. The '571 application has not been registered, as required by statute. The application also does not meet the one statutory exception. The application for registration has not been refused. It is still pending. For these reasons, the Court agrees with the Defendants that all claims asserted in this matter that are based on infringement of the copyright of the '571 application must be dismissed. The Court GRANTS the request to dismiss all of Longhorn's claims based on the infringement of the '571 application.

The Court notes that it appears that the only reason that Longhorn does not currently have the right to sue on the copyright of the '571 application is that the application is currently pending. Eventually, this application will either result in registration of the copyright or refusal of the application. Once one of these two events

occurs, it appears that Longhorn will have the right to bring claims based on this copyright. For this reason, the Court GRANTS Longhorn motion for the Court to grant leave to amend its complaint to add back into this matter claims based on the asserted copyright of the '571 registration if facts supporting such a claim arise during the pendency of this matter.

### D. Misappropriation Claims.

In the Hollman Motion and the Crystal Motion, Hollman, Crystal, and Ms. Mathas asks the Court to dismiss Longhorn's claims of misappropriation against them.

All three of these Defendants assert that these claims should be dismissed because Longhorn has not and cannot plausibly plead that it had trade secrets to be misappropriated. In making this argument, the Defendants focus on that fact that the lockers at issue are publicly available for viewing and inspection. The Defendants assert that lockers, which are very similar to ones that Longhorn proposed to install in the Saints' locker room, can be viewed and inspected by taking tours of other locker rooms. The Defendants also point out that Longhorn has distributed promotional materials regarding similar lockers that depict the design of these lockers. Based on these public displays of Longhorn's lockers, the Defendants assert that the lockers, their design, and their appearance cannot be trade secrets.

Longhorn responds that the assertion that Longhorn had trade secrets goes beyond the assertion that the visible design and appearance of Longhorn's lockers is a trade secret. Instead, the claim of misappropriation includes the assertion and

supporting facts that Longhorn had trade secrets based on the non-visible components of the lockers and other information included in Longhorn's bid related to the redesign of the Saints' locker room. According to Longhorn, its lockers have features that are not visible to public inspection, such as wiring schemes that are on the backside of the lockers. In addition, the bid information includes other trade secrets, such as the amounts that Longhorn was willing to accept for the lockers.

The Court agrees with Longhorn that it has plausibly plead facts that support its assertion that it had or has trade secrets which were misappropriated by these Defendants as alleged. The Court further notes that the Defendants, when making their arguments, appear to confuse Longhorn's ultimate burden to prove the existence of trade secrets with Longhorn's requirement to plead plausible claims of misappropriation of trade secrets.

In the Hollman Motion, Hollman also argues that Longhorn's misappropriation claim against Hollman should be dismissed because Longhorn failed to plead plausible facts that Hollman misappropriated Longhorn's alleged trade secrets.

The Court disagrees. Longhorn has plead plausible facts that, if true, show that: Longhorn submitted a bid to the Saints; Crystal and Ms. Mathas had access to the information contained in this bid; Crystal and Ms. Mathas also had significant discussions and interactions with Hollman regarding locker designs after Crystal and Ms. Mathas received this information; the lockers that Hollman ultimately provided to the Saints were similar to those that Longhorn proposed to supply in Longhorn's bid.

These facts are more than sufficient to infer that during this process, Hollman obtained improper access to the alleged trade secrets.

In the Crystal Motion, Defendants Crystal and Ms. Mathas also argue that Longhorn's misappropriation claim should be dismissed because the claim is preempted by the Copyright Act.

A state law claim is preempted by the Copyright Act if the state law claims seeks to enforce legal or equitable rights that are equivalent to any of the exclusive rights of a copyright granted under the Copyright Act and that come within the subject matter of the copyright. 17 U.S.C. § 301(a). If these conditions are met, then "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." *Id.*

While a portion of Longhorn's state-law-based misappropriation claims may be based on the design of Longhorn's lockers, the alleged trade secrets are not the same as what is protected by Longhorn's copyright. Longhorn's copyright protects the visible expressive elements of Longhorn's registered copyright. Longhorn's misappropriation claim, as it relates to Longhorn's lockers, seeks to protect alleged secret or concealed features of the lockers that are not normally visible and that are not depicted in Longhorn's copyrighted images of the lockers. In addition, Longhorn's misappropriation claim is based on more than features of the lockers, such as the financial information included in Longhorn's bid to the Saints, which has nothing to

do with Longhorn's right in its copyright. For these reasons, the Court holds that Longhorn's misappropriation claims are not preempted by the Copyright Act.

Since, Longhorn has plead facts that plausibly support its assertion that it had protectable trade secrets that were misappropriated by the Defendants and since Longhorn's misappropriation claim is not preempted by the Copyright Act, the Court DENIES the requests made in the Hollman Motion and the Crystal Motion to dismiss Longhorn's misappropriation claims.

**E. Patent Infringement Claims.**

In the Hollman Motion, Defendant Hollman asserts that Longhorn's claims of patent infringement asserted against it by Longhorn should be dismissed because Longhorn has failed to plead plausible facts that show patent infringement that occurred after the patent was issued.

These claims are based on the alleged infringement of US Patent No. D826,602 (the "'602 Patent"), entitled Locker With Folding Seat Back, which was issued on August 28, 2018 and has been assigned to Longhorn. This design patent claims an ornamental design for a locker with a folding seat back.

In order to be liable for patent infringement, a party must make, use, offer to sell, or sell a patented invention within the United States or import a patented invention into the United States during the term of the patent. 35 U.S.C. §271(a). Longhorn's patent infringement claim alleges the sale and offer to sell infringing inventions.

Hollman asserts that Longhorn has not plead any plausible facts that show a sale or offer to sell a patented invention of the '602 patent. In making this argument, Hollman points out that the facts alleged by Longhorn regarding infringing activity are that, during the term of the patent, Hollman posted images of products in its promotional material that appear to infringe the '602 patent and that Hollman generally made locker sales. Hollman asserts that the images of the lockers in the promotional material do not rise to the level of an offer to sell patented inventions because the promotional materials are not an offer containing all essential terms of the sale and cannot be unilaterally accepted by a buyer. Hollman also points out that the alleged facts regarding actual sales that occurred lack sufficient identification of what was sold to determine if the lockers that were sold were patented inventions. Hollman asserts that neither of these is sufficient to plausibly plead that Hollman actually sold or offered to sell infringing lockers during the term of the patent.

The Court disagrees. These alleged facts show that Hollman sold lockers during this time period and that Hollman was apparently willing to sell lockers that appear to infringe the '602 patent. Given these facts, it is plausible to infer that some of the lockers sold by Hollman are ones that appear to infringe the '602 patent. This is especially true considering the allegations that Hollman's primary business is the design, sale, and installation of lockers of this type and that Longhorn is one of Hollman's main competitors in this market.

Since Longhorn has plead plausible facts that support its claim of infringement of the '602 patent by Hollman, the Court **DENIES** Hollman's request to dismiss this claim.

**F. Conclusion.**

The Court **GRANTS** the Hollman Motion's and the Crystal Motion's request to dismiss all claims asserted in this matter based on Longhorn's '571 application to register a copyright.

The Court **GRANTS** Longhorn leave to move the Court to add claims based on the '571 application to register a copyright, if during the pendency of this matter, facts occur that give Longhorn the right to sue based on the copyright asserted in the '571 application.

The Court **DENIES** all other relief requested in the Hollman Motion and the Crystal Motion.

**SO ORDERED.**

Signed July 13th, 2020.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE