IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONGHORN LOCKER COMPANY, LLC and AMERICAN INDEPENDENCE MANUFACTURING, LLC, collectively doing business as LONGHORN LOCKER, AMERICAN INDEPENDENCE MANUFACTURING and AIM, | § § § § § § § | |
| Plaintiffs, | § § | CASE NO. 3:19-cv-2872-K |
| v. | § § | |
| HOLLMAN, INC., CRYSTAL CLEAR CREATIVE, LLC, KELLIE MATHAS, and TITAN OF LOUISIANA, INC., | § § § § | |
| Defendants. | § | |

**DEFENDANTS CRYSTAL CLEAR CREATIVE, LLC AND KELLIE MATHAS' MOTION TO STRIKE EXPERT DESIGNATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, CRYSTAL CLEAR CREATIVE, LLC ("Defendant Crystal Clear" or "Crystal Clear Creative) and KELLIE MATHAS ("Mathas"), two of the Defendants in the above-styled and numbered cause, and file their Motion to Strike Expert Designation (the "Motion"), and as grounds supporting their Motion would respectfully show this Honorable Court the following:

**I.
SUMMARY OF REQUESTED RELIEF**

1.0   Defendant Crystal Clear, moves this Court to strike the expert designation of Samuel P. Allen because:

   (a)   Allen has not demonstrated qualifications as an expert in determining lost profits or other business losses;

  (b) Plaintiffs' designation of Samuel P. Allen fails to qualify under Federal Rule of Evidence 702 because Allen is expected to testify about "the facts and circumstances regarding the calculation of Longhorn's actual damages … ;" and "is prepared to testify about his personal knowledge regarding the facts relating to Longhorn's costs, expenses, potential revenues, and resulting net profits it would have earned from the New Orleans Saints locker project." This is not a proper subject for "expert" opinion that would assist the jury. It is testimony about facts based upon personal knowledge.

  (c) The designation fails to state any "expert" opinion Allen intends to render, with the potential exception that "[M]r. Allen agrees with Mr. Bell'[s analysis of Longhorn's lost profits," for which Allen has not claimed or demonstrated expertise to either agree or disagree with the Bell analysis in critique thereof.

  (d) Mr. Allen's opinion on Bell's analysis of Longhorn Locker's alleged lost profits is not relevant.

  (e) The designations made on October 21, 2020 [Doc. 121] and November 9, 2020 [Doc. 138] are untimely because the Court's scheduling order in this case required the parties to designate expert witnesses and comply with Fed R. Civ. P. 269(a)(2) on or before August 31, 2020.

## II.
## FACTS SUPPORTING REQUESTED RELIEF

2.1 The New Orleans Saints tasked Crystal Clear Creative, LLC to obtain bids for comparable lockers. (App. p. 163)[1] The Saints had already contacted one locker

---

[1] Appendix references are to the Appendix under Seal of the Crystal Clear Defendants supporting their Motion for Summary Judgment [Doc. Nos. 161-163].

supplier, Longhorn Locker, before Crystal Clear Creative was retained to work on the project (App. pp. 163-164) The equipment manager for the Saints, John "Bum" Baumgartner, had seen the new lockers the Dallas Cowboys Football Club (the "Cowboys") had procured, thought they looked nice and contacted Longhorn Locker. (App. pp. 164, 317-319) Through its work, Crystal Clear Creative brought the Saints locker quotes from Longhorn Locker Company, Hollman Company and Legacy Lockers for lockers for the Saints' remodeling project. (App. p. 168) Crystal Clear Creative received two quotes from Hollman which were forwarded to the project architect, Kimberly Finney. (App. p. 170)

2.2 In bringing these locker bids to the Saints, Kellie Mathas for Crystal Clear Creative worked to ensure that the bids were for an apples-to-apples comparison of lockers to determine who could offer the best price and product. (App. 168)  The Saints wanted a Cowboys-style locker (App. pp. 164, 196, 317-319, 857).  For purpose of bringing the Saints competing bids on Cowboys-style lockers, Mathas forwarded Hollman images and material that either she or the Saints received from Longhorn Locker. (App. pp.166-167, 182-183, 190-191, 199).  She also advised Hollman that the Saints were interested in lockers close to the picture of a sample of a Cowboys-style Locker Longhorn had exhibited to the Saints, but with modifications. (App. pp. 166-167, 196, 199).

2.3 After the Saints decided to purchase the Cowboys-style locker from Hollman, Mathas informed Longhorn Locker of the Saints' decision. (App. p. 202) Longhorn Locker's response to Mathas was that it was probably going to sue and threatened the Saints. *Id.* Longhorn Locker did sue but first sued Hollman rather than the Saints in the 95th District Court of Dallas County, Texas. (App. p. 859) Longhorn Locker

asserts that when it learned Hollman had improperly acquired and used Longhorn Locker's confidential and trade secret information to win the Saints' contract, it filed this federal court case. (App. p. 13)

2.4     Longhorn Locker seeks actual compensatory damages for loss of profits Longhorn Locker would have allegedly earned had it been awarded the project by the New Orleans Saints. (Exhibit B, p. 3) Also as part of actual compensatory damages, Longhorn Locker seeks lost development costs. *Id.*

2.5     On March 26, 2020, the Court issued its Scheduling Order [Doc. No. 49]. Pursuant to the Scheduling Order, the parties were required to file written designations of testifying experts and otherwise comply with expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on or before August 31, 2020.

2.6     For the first time Plaintiffs designated Sam Allen as a testifying expert in their Plaintiffs' Amended Designation of Experts filed on October 21, 2020 [Doc. No. 121]. A true and correct copy of an excerpt of that amended designation relating to Allen is attached hereto and incorporated by reference as **Exhibit A**.  On November 9, 2020, Plaintiffs filed their Plaintiffs' Corrected Amended Designation of Experts [Doc. No. 138]. A true and correct copy of an excerpt of that corrected amended designation relating to Allen is attached hereto and incorporated by reference as **Exhibit B**.  Comparison of the Allen designations reveals that the development costs of $77,252.34 as stated in Exhibit A was increased to $127,079.86 in Exhibit B.  Otherwise, the designations appear to be identical.

2.7     The Plaintiffs' Amended Designation of Experts and Plaintiffs' Corrected Amended Designation of Experts both state Mr. Allen's designation as an expert is for the

purpose of testifying as to the total amount of lost profits by Longhorn Locker and the development costs "avoided by Hollman." (Exhibits A and B) The designation states the bases for this expected testimony as "his personal knowledge regarding the facts relating to Longhorn's costs, expenses, potential revenues, and resulting net profits it would have earned from the New Orleans Saints locker project." *Id*.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, Crystal Clear Creative, LLC and Kellie Mathas, pray that this Court strike the designation of Samuel P. Allen as a testifying expert witness made in Plaintiffs' Amended Expert Designation and in Plaintiffs' Corrected Amended Expert Designation. Defendants, Crystal Clear Creative, LLC and Kellie Mathas, further pray for general and such other relief at law or in equity to which they may show themselves justly entitled.

Respectfully submitted,

*/s/ Daniel L. Bates*
Daniel L. Bates
State Bar No. 01899900
dbates@deckerjones.com

**DECKER JONES, P.C.**
801 Cherry Street, Unit #46
Burnett Plaza, Suite 2000
Fort Worth, Texas 76102
(817) 336-2400
(817) 336-2181 (Fax)

**ATTORNEYS FOR DEFENDANTS, CRYSTAL CLEAR CREATIVE, LLC AND KELLIE MATHAS**

## CERTIFICATE OF CONFERENCE

On December 18, 2020, the undersigned counsel for the Crystal Clear Defendants conferred with Joe Cleveland, counsel for Plaintiffs, regarding the merits of the foregoing Motion and was advised that Plaintiffs oppose this motion. Therefore, presentation of this motion to the Court for determination is necessary.

*/s/ Daniel L. Bates*
Daniel L. Bates

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 18, 2020.

*/s/ Daniel L. Bates*
Daniel L. Bates